**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**BRYTTANI CURNUTT,**

***Plaintiff*,**

**v.** **Case No. 5:25-CV-00615-JKP**

**AMAZON.COM SERVICES LLC, (OR AMAZON.COM, INC.); TEENITOR, TINA TORR, AMAZON.COM, INC., SHENZHEN SUNSHINE PIE TECHNOLOGY CO., LTD.,**

***Defendants*.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Teenitor's Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process. *ECF No. 42*. Plaintiff Bryttani Curnutt filed a Response, (*ECF No. 48*), to which Defendant Teenitor filed a Reply, (*ECF No. 51*). Upon consideration, the Court will deny Defendant Teenitor's Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(5), (*ECF No. 42*).

**FACTUAL BACKGROUND**

This case arises out of Plaintiff Bryttani Curnutt's ("Curnutt") alleged injuries, including chemical burns, sustained while using "Teenitor-brand nail glue . . . [f]or the application of Teenitor press on nails." *ECF No. 23* at 7–13. Based on these alleged injuries Curnutt asserts twelve causes of action, seeking damages as well as declaratory and injunctive relief. *Id*. at 14–27.

In response, Defendant Teenitor ("Teenitor") filed its Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process. *ECF No. 42*. In the Motion, Teenitor's primary argument is that the Hague Convention prohibits service of process via e-mail on a Chinese company. *Id*. at 3.

Thereafter, Judge Chestney appointed counsel for Curnutt who previously proceeded *pro se*. *See ECF Nos. 44, 45, 46*. Curnutt then filed a Response, (*ECF No. 48*), to which Teenitor filed a Reply, (*ECF No. 51*). Teenitor's Motion to Dismiss is therefore ripe for ruling.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss a claim if service of process is not completed in the proper manner. Fed. R. Civ. P. 12(b)(5). A motion to dismiss under Federal Rule of Procedure Rule 12(b)(5) "turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process[.]" *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (citing *C & L Farms v. Federal Crop Insurance Corp.*, 771 F.2d 407 (8th Cir. 1985)).

**ANALYSIS**

As stated above, Teenitor's primary argument is that the Hague Convention prohibits service of process via e-mail on a Chinese company. *ECF No. 42* at 3. In essence, Teenitor asks the Court to weigh in on the "somewhat hotly disputed" issue of whether China's prohibition of foreign service through postal channels, via its objection to Article 10 of the Hague Convention,

means China prohibits foreign service via email as well.[1] The Fifth Circuit has already addressed this issue, however, as described fully below.

Regarding email service on a Chinese defendant specifically, the Fifth Circuit has found that it does not violate the Hague Convention and can be appropriate under Federal Rule of Civil Procedure 4(f)(3). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018).

## I. Whether the Hague Convention Prohibits Service of Process via E-mail on a Chinese Company

### A. Service of Process and the Federal Rules of Civil Procedure

A non-resident defendant must be properly served according to Federal Rules of Civil Procedure 4(h) and 4(f). Rule 4(h) states "unless federal law provides otherwise . . . a foreign corporation . . . must be served (1) in a judicial district of the United States or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h).

Rule 4(f)(1) states "unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States [] by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [("the Hague Convention")]." Fed. R. Civ. P. 4(f)(1). In addition to means of service authorized by the Hague Convention, however, a court may allow service of process on foreign defendants "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

[1] *See Cai v. Chaozhoushi Yitong Dianzi Shangwu Youxiangongsi*, No. 1:26-CV-01505, 2026 WL 2294410, at *7 (W.D. Tex. June 26, 2026) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (upholding the validity of email service for a Chinese defendant company); *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb 14, 2022) (same); *Smart Study Co., Ltd v. Shenzhenshixindajixieyou xiangongsi*, 164 F.4th 164, 170–72 (2d Cir. 2025) (concluding that Rule 4(f)(3) did not permit email service on Chinese defendant companies)).

Rule 4(f)(3) therefore permits a party to use an alternative method of service if the party (1) obtains permission of the court and (2) the method is not otherwise prohibited by international agreement. Fed. R. Civ. P. 4(f)(3).

The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court.[2]

**B. Service of Process and the Hague Convention**

"The United States and China are both signatories to the Hague Convention, a multilateral treaty intended 'to simplify, standardize, and generally improve the process of serving documents abroad.'" *Prem Sales, LLC v. Guangdong Chigo Heating &Ventilation Equip. Co.*, 494 F. Supp. 3d 404 (N.D. Tex. 2020) (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 271 (2017)).

The Hague Convention "specifies certain approved methods of service" and preempts methods of service inconsistent with its methods wherever it applies. *Id.*; *accord Volkswagenwer k Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Stated alternatively, service methods set forth in the Hague Convention are mandatory and compliance is required "in all cases to which it applies." *Id*. (citing *Schlunk*, 486 U.S. at 699).

According to its text, the Hague Convention provides it "shall apply in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id*. (internal citation omitted).

---

[2] *VB Health, LLC v. Guangzhou Yanling Trading Co., Ltd.*, No. 1:25-CV-01874, 2025 WL 4114903, at *1 (W.D. Tex. Dec. 8, 2025); *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952, 2021 WL 2870679, at *3 (W.D. Tex. July 8, 2021); *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. 5:16-CV-00463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003)); *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597, 2020 WL 3270832, at *2 (W.D. Tex. June 17, 2020) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.")); *Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, No. 3:10-CV-00364, 2011 WL 13238336, at *1–2 (W.D. Tex. Mar. 3, 2011) (citing *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

Thus, lawful service on an international party's domestic agent, which completes service without the necessity of transmitting documents abroad, does not implicate the Hague Convention. *Id*. (citing *Schlunk*, 486 U.S. at 696, 706–07). The Hague Convention also does not apply "where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638) [hereinafter the Hague Convention].

**C. Application to the Facts in This Case**

Teenitor argues the Hague Convention prohibits service of process via e-mail on a Chinese company, but the Fifth Circuit has twice-held service of process on a Chinese company by court-ordered e-mail service was proper—specifically on challenges it is incompatible with the Hague Convention. *Nagravision SA v. Gotech Intl. Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018), *cert. denied*, *Gotech Intern. Tech. Ltd. v. Nagravision SA*, 586 U.S. 997 (2018); *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).

In *Viahart*, for example, plaintiff alleged defendants infringed its trademarks through their operations on various online e-commerce sites, such as Amazon. *Viahart, L.L.C. v. GangPeng, et al*, No. 6:18-CV-00604, (E.D. Tex. May 29, 2020), (*ECF No. 27* at 1). After plaintiff diligently sought to obtain physical addresses for defendants and failed, plaintiff moved under Rule 4(f)(3) for alternative service of process, arguing:

> By selling and marketing their products online and utilizing the services of the various online e-commerce sites, Defendants have embraced communication via email. Because valid email addresses must be established and verified by the Marketplaces before the Defendants are able to list their products (Ex. A), email is a means reasonably calculated to apprise Defendants of the pendency of the lawsuit. Given the nature of the Defendants' online businesses, which require an understanding of and proficiency in online communication, service via email is more efficient, accessible, and preferred than service of paper copies of pleadings.

*Id*. at 8. Considering defendant businesses operated online through third-party marketplaces, and plaintiff had not been able to ascertain an accurate physical location for any defendant to perfect in-person service of process, the district court granted plaintiff's motion for alternative service because defendants' addresses were unknown. *Viahart, L.L.C. v. GangPeng, et al*, Cause No. 6:18-CV-00604, (E.D. Tex. June 17, 2020), (*ECF No. 29* at 5–8).

On appeal, the Fifth Circuit held "serving [the Chinese defendants] by email was appropriate because it was court ordered, reasonably calculated to notify them, and was not prohibited by international agreement." *Viahart*, 2022 WL 445161, at *3. The Fifth Circuit supported its holding by citing its published opinion on this issue, *Nagravision SA v. Gotech Intl. Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018), which also held service of process via e-mail on a Chinese company pursuant to Rule 4(f)(3) was proper when the defendant made no showing it was prohibited by international agreement.

The Court points out, as Curnutt's allegations demonstrate, the instant case also involves a third-party seller operating on the e-commerce site Amazon. *See ECF No. 6*.

**1. Record Before the Court Regarding Service of Process**

On June 2, 2025, Curnutt filed her Motion to Proceed *in forma pauperis*, (*ECF No. 1*), and Proposed Complaint, (*ECF No. 1-1*). Relevant here, in her Proposed Complaint, Curnutt reports "Defendant, Teenitor, is an Amazon seller. Plaintiff will serve through information provided by Amazon or as discovered." *Id*. at 1.

Finding diversity-related details were missing, on June 3, 2025, United States Magistrate Judge Elizabeth S. Chestney ordered Curnutt to file a more definite statement. *See ECF No. 3*. In Curnutt's More Definite Statement, regarding Defendant Teenitor, Curnutt alleges:

> Teenitor is a brand name used by a third-party seller operating on the Amazon.com platform. Upon information and belief, the third-party seller responsible

> for the product sold under the "Teenitor" brand is an entity organized under the laws of a foreign country, specifically China, and conducts business outside the United States. As such, the seller of the Teenitor product is believed to be a foreign citizen, likely a citizen of China, for purposes of diversity jurisdiction.

*ECF No. 6*.

Thereafter, on July 25, 2025, Judge Chestney granted Curnutt's Motion to Proceed *in forma pauperis* and ordered Curnutt to submit to the Clerk's Office a fully completed United States Marshals Service Form 285 ("Form 285") so the United States Marshals Service could effect service by certified mail, return receipt requested. *ECF No. 7*. The same day, Curnutt filed her First Amended Complaint. *ECF Nos. 8*. In Curnutt's First Amended Complaint, Curnutt realleges that: "Defendant, Teenitor, is an Amazon seller. Plaintiff will serve through information provided by Amazon or as discovered." *ECF No. 8 at 1*.

Later, on August 6, 2025, Curnutt completed the Form 285, purporting to serve Teenitor at "1999 Bryan Street, Suite 900, Dallas, Texas 75201, c/o Registered Agent Corporation System." *ECF No. 11*. Per the United States Marshals Service, the tracking information indicates "Delivered, Left with Individual" on August 14, 2025. *See ECF No. 19*.

However, on September 5, 2025, Curnutt filed a "Motion for Extension of Time to Serve and for Alternative Service of Defendant Teenitor," indicating the United States Marshals notified her "that service on Defendant Teenitor could not be completed due to an incorrect address." *ECF No. 16*. Curnutt reported she "conducted further research and located an alternative address for Teenitor, but has been unable to confirm its validity." *Id*. For this reason, Curnutt requested a "reasonable extension of time to confirm Teenitor's correct address [and] allow[] the Plaintiff to provide this information to the U.S. Marshals for proper service." *Id*.

Subsequently, Judge Chestney granted Curnutt's request, extending Curnutt's deadline to serve Teenitor to October 23, 2025, but denied Curnutt's request for alternative service on Teenitor at that time. *ECF No. 17*.

On November 10, 2025, Curnutt again completed the Form 285, purporting to serve "Weibo Zhong, Teenitor" at "Suite 717[,] 136-68 Roosevelt Ave[,] Flushing[,] NY 11354." *ECF No. 21* at 3. Curnett also listed the following special instructions:


SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

(owners address) in China

**certified mail**

Zhong Jing,
Room 603, Block A, Building2, PhaseIII Jiazhaoye
Central plaza Bangkang ST. Shenzhen Guangdong 51800

Signature of Attorney other Originator requesting service on behalf of: | TELEPHONE NUMBER | DATE

*Id*. Per the return receipt from the United States Marshals Service, the Marshals certified they were "unable to locate the individual, company, corporation, etc. named above." *See ECF No. 25*.

Next, on December 1, 2025, Curnutt filed her Second Amended Complaint. *ECF No. 23*. In this filing, Curnutt appears to list "Shenzhen Sunshine Pie Technology Co., LTD" as an alternative name for Teenitor. *See id.* at 4. Curnutt again lists Weibo Zhang as the "registered legal agent in the United States" and "Zhong, Jing" as the owner in China. *See id.* at 4.

On March 12, 2026, Curnutt filed her "Renewed Motion for Alternative Service Under Rule 4(f)(3)," (*ECF No. 33*), requesting "to serve Defendant Shenzhen Sunshine Pie Technology Co., Ltd./Teenitor/Zhang Jing through alternative electronic means." *Id.* at 2. As to exhausting traditional service methods, Curnutt reported physical service to "defendant's registered trademark contact Weibo Zhong" at the Flushing, NY address had definitively failed as the United States Marshals were unable to locate this individual at the provided physical address. *Id*. at 3.

Further, after conducting "an extensive investigation into official [United States Patent and Trademark Office ("USPTO")] records to locate valid contact information," Curnutt reported:

> Crucially, an official USPTO Trademark Status and Document Retrieval Change Address or Representation Form filed on March 5, 2026, for the active TEENITOR mark (Reg. No. 6,216,122) expressly confirms that at the time of the attempted physical service, the attorney of record was Weibo Zhang located at the exact Flushing, NY address where service failed. More importantly, this official USPTO document provides the verified electronic correspondence channels for the Defendant, listing the primary email as lawofficezhang@gmail.com and the secondary courtesy email as 315393933@qq.com."

*Id*. at 4. Curnutt reported additional USPTO records, however, indicate the USPTO Director issued a Final Order (In the Matter of Weibo Zhang, Proceeding No. D2022-16) on November 22, 2022, suspending Weibo Zhang for professional misconduct. *Id*. at 5. The Final Order detailed widespread professional misconduct, including serving as the attorney of record for thousands of foreign-domiciled trademark applicants, failing to conduct adequate reviews of applications prior to filing, and allowing non-practitioners to enter his signature on official documents. *Id*. According to Curnutt, this contributed to the unreliability of physical service at the Flushing, NY address.

On March 26, 2026, Judge Chestney granted Curnutt's "Renewed Motion for Alternative Service Under Rule 4(f)(3)," (*ECF No. 33*), finding:

> Here, service by email and through the Amazon Seller Portal are not prohibited by international agreement. *Id*. Furthermore, service through these methods does not offend due process. E-commerce vendors routinely communicate with their customers through electronic communications rather than by mail or in person. Electronic service is therefore the most likely means of communication to reach the foreign defendant in this action. And, according to Plaintiff, the email addresses she seeks authorization to use are listed in USPTO records—a presumptively reliable source. In light of the failed attempt at in-person service upon Defendant's attorney, service through email is reasonably calculated to give Defendant notice of this suit.

> . . .
>
> Plaintiff is permitted to serve Defendant Shenzhen Sunshine Pie Technology Co., Ltd./Teenitor/Zhang Jing by sending the Complaint and Summons to the two email addresses listed in Teenitor's USPTO records and to Teenitor's vendor page on the Amazon Seller Portal.

*ECF No. 36* at 2–3. On April 3, 2026, Curnutt filed a Certificate of Service, attaching copies of emails sent to awofficezhang@gmail.com and 315393933@qq.com. *See ECF No. 38*. Curnutt also attached copies of service via the Amazon Seller Portal. *Id*.

**2. Analysis**

The record before the Court demonstrates Curnutt made diligent efforts to obtain a physical address for Teenitor and serve Teenitor pursuant to Federal Rule of Civil Procedure 4(h) ("Rule 4(h)"), the relevant statute for serving foreign corporations.

Rule 4(h) states:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Because attempted delivery via Rule 4(h)(1) was unsuccessful, Curnutt rightfully pursued service under Rule 4(f)(3), through Rule 4(h)(2). As stated above, under Rule 4(f)(3), a party

may serve the opposition "by other means not prohibited by international agreement, as the [C]ourt orders." Fed. R. Civ. P. 4(f)(3).

The Court must follow Fifth Circuit precedent, which has not held the Hague Convention prohibits service of process via e-mail on a Chinese company, and therefore finds this was proper. Even acknowledging the split in authority, however, the Court is convinced the Hague Convention does not even apply here since it does not apply "where the address of the person to be served with the document is not known." Hague Convention art. 1.

In *Compass v. Katz*, a seminal case from the Southern District of Texas on this issue, the district judge observed:

> Notably, there appears to be no binding authority in the Fifth Circuit that clearly establishes a standard for determining when an address is "known" versus when an address is "unknown" within the meaning of the Hague Convention. Nonetheless, various federal district courts have dealt with this issue. . . .
>
> * * *
>
> In these cases, either (1) the district court required a party to exercise reasonable diligence in attempting to discover a defendant's address in the foreign country, or (2) a party demonstrated reasonable efforts in attempting to discover the defendant's address in the foreign country, before the court made a finding that those addresses were "unknown." In other words, **the standard set out (either directly or indirectly) seems to require, at the least, that a plaintiff put forth reasonable diligence in attempting to discover defendant's address, before finding the party can circumvent the methods for service of process authorized by the Hague Convention**.

*Compass Bank v. Katz*, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (emphasis added).

Here, the Court finds Curnutt put forth reasonable diligence in attempting to discover Teenitor's address based on the record before the Court regarding service of process (as laid out above) and the nature of Curnutt's online relationship with Teenitor.[3] Further in Curnutt's Re-

[3] E-commerce stores typically communicate with their customers through e-mail addresses or other forms of electronic communications, rather than by mail or in person. Service by electronic means is therefore the most likely means of communication to reach them. *See VB Health, LLC v. Guangzhou Yanling Trading Co., Ltd.*, No. 1:25-

sponse to Teenitor's Motion to Dismiss, Curnutt's counsel certifies "Teenitor's physical address was unknown to [Curnutt] at the time of her Motion for Alternative Service and it is still unknown at the present date." *ECF No. 48* at 5–6.

Teenitor argues since Curnutt discovered "[Teenitor's] wordmark is owned by Jing Zhong, an individual based in Shenzhen, Guandong, China," Teenitor must be served by the Hague Convention. *ECF No. 42* at 7–11. However, [i]f a plaintiff has evidence of an attorney-client relationship between a foreign defendant and domestic counsel, a common method of service is service of process on a defendant's United States based attorney." *WSOU Investments LLC v. OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 6:20-CV-00952, 2021 WL 2870679, at *4 n.7 (W.D. Tex. July 8, 2021) (collecting cases). Thus, service pursuant to the Hague Convention would not be required if service could be accomplished on Teenitor's domestic counsel, which is what Curnutt attempted to do.

Additionally, to the extent Teenitor argues Curnutt made no showing that service upon Weibo Zhang would be sufficient to serve Teenitor, the record indicates Teenitor listed Weibo Zhang as it's attorney. *ECF No. 43-4*. Teenitor claims this does not establish any agency relationship for purposes of litigation, but Teenitor provides no authority or caselaw for the proposition.[4]

Finally, the Court acknowledges Curnutt's former *pro se* status does not excuse a litigant's complete failure to effect service. *Sys. Signs Supplies v. U.S. Dept. of J., Washington, D.C.*, 903 F.2d 1011 (5th Cir. 1990) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.

---

CV-01874, 2025 WL 4114903, at *1 (W.D. Tex. Dec. 8, 2025) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (upholding service on a Chinese defendant through email and the Amazon seller portal)).

[4] *See Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597, 2020 WL 3270832 (W.D. Tex. June 17, 2020) (citing *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014) ("A number of courts . . . have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf.")

1988). That is not the case here, however, where Curnutt attempted service on Teenitor more than once and Teenitor apparently has actual notice of the suit. *See id*. at 1013–1014 (recognizing that defendants' actual notice and plaintiff's repeated efforts to serve, when coupled with his or her *pro se* status, "arguably provide grounds for leniency in considering the technical imperfections of service.").

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant Teenitor's Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(5), (*ECF No. 42*).

It is so ORDERED.
SIGNED this 28th day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE